KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
February, 1885.

LYNCH *v.* PATCHEN.

*In the matter of the estate of* EMILY COIT, *deceased.*

Where a creditor of a decedent petitions the Surrogate's court, under Code
   Civ. Pro., § 2717, for a decree directing payment of his claim, subd. 2 of
   § 2718 casts upon him the burden of proving, "to the satisfaction of
   the Surrogate, that there is money or other personal property applica-
   ble to the payment or satisfaction" thereof.
A creditor of testatrix, who had recovered a judgment against the execu-
   tors, having presented a petition, under Code Civ. Pro., § 2717, for a
   decree directing the latter to pay the same, it appeared that there was
   no personal property actually in their hands. The will, however,
   devised certain real property to the executors, in trust to collect the
   income, and pay the same to the children of the testatrix during the
   life of her husband, W., and, upon his death, to sell the property and
   divide the proceeds among said children. W. was dead. He had been
   adjudged to have an estate by the curtesy in the real property in ques-
   tion,—which reduced the executors' rights in the premises to a power
   of sale and distribution.—
*Held,* no assets; and that the prayer of the petition must be denied.

PETITION by Teresa Lynch, a creditor of decedent,
under Code Civ. Pro., § 2717, for a decree directing
Samuel W. Patchen, executor, and Emily L. Grey,
executrix of decedent's will, to pay her claim. The
facts appear in the opinion.

ABM. KLING, *for petitioner.*

BERGEN & DYKMAN, *for executors.*

THE SURROGATE.—The testatrix died on June 11th,
1875, leaving a last will and testament which was
duly proved before the Surrogate of Kings county,
on December 1st, 1876; and letters testamentary

were, on the same day, issued to Samuel W. Patchen and Emily L. Grey, as executor and executrix.

A judgment for $1,466.24 was recovered in the Supreme Court, on September 17th, 1879, against said executors, in favor of one Teresa Lynch, who now petitions this court for an order to compel said executors to pay said claim, pursuant to § 2717 of the Code of Civil Procedure.

The executors have interposed an answer denying the possession of any personal property, and alleging that certain real estate in Avenue B. in the city of New York, of which the testatrix died seized, was devised to them by the tenth clause of her will, in trust to collect the rents and income thereof during the life of the testatrix's husband, and pay over the same to the children of the testatrix; and, on the death of testatrix's husband, to sell the said real estate as soon as practicable, and divide the proceeds among her children.

The inventory shows that the testatrix died possessed of only $53, personal property; and an account was filed on September 12th, 1881, in this court, wherein they charged themselves with the sum of $131.80, and credited themselves with the sum of $1,238 for expenses and disbursements in the administration of the estate.

Subdivision 2 of § 2718 of the Code of Civil Procedure provides that, " where it is not proved to the satisfaction of the Surrogate that there is money or other personal property of the estate applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously

affecting the rights of others entitled to priority or equality of payment or satisfaction," etc.

This section, I think, requires affirmative proof, to satisfy the court that there are sufficient assets to pay the petitioner's claim.

In this case, the petitioner has not shown any further assets than appear from the inventory and account already filed. But he relies upon the tenth clause of the will, devising the real estate in New York to the executors, in trust, for the benefit of the children, and insists that the rents and income derived from that property should be applied towards the payment of the petitioner's claim.

In an action in the Supreme Court, in which William A. Coit was plaintiff, and these executors and others were defendants, it was held that, inasmuch as the plaintiff and the testatrix were intermarried before 1848, and had issue born alive, the plaintiff had a life estate, as tenant by the curtesy, in said premises, and that the devise in trust attempted to be executed by the tenth clause of the will of said Emily Coit, during the life of William A. Coit, was plainly in conflict with the life estate, and must therefore yield to his paramount right; and this was subsequently affirmed by the general term (25 *Hun*, 444).

Therefore, the rents and profits of said real estate did not come into the hands of the trustees named in the will, as William A. Coit took the same during his life, and since his death the parties entitled to the remainder have taken the same, and the only power the executors have over the real estate, is simply a

power to sell and distribute the same among the devisees upon the death of William A. Coit.

I am of the opinion that the executors have no personal estate in their hands, and further that they were not entitled to the rents and profits of said real estate, and, therefore, said motion should be denied.